CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAMIR D. HENDERSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NEW RIVER VALLEY )<br>REGIONAL JAIL, )<br>    Defendant. ) | Civil Action No. 7:12CV00145<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Shamir D. Henderson, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the New River Valley Regional Jail. The court finds that Henderson's complaint fails to state a claim for relief against the named defendant and, therefore, dismisses it without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Henderson claims that while he was housed at New River Valley Regional Jail, he was denied adequate medical treatment for chest pains and mental health. Henderson also alleges that he was denied visitation with his wife. Henderson is now housed at Bland Correctional Center.

**II.**

Henderson has named only the New River Valley Regional Jail as defendant to his action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail, is liable under § 1983 only when the entity itself is a "moving force"

behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Henderson has failed to show that any official policy of the New River Valley Regional Jail was responsible for the constitutional violations or injuries he allegedly suffered.[1]

### III.

For the reasons stated above, the court will dismiss Henderson's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 30th day of March, 2012.

United States District Judge

---

[1] The court notes that nothing in its decision today precludes Henderson from bringing an action against the individuals he claims violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e. Whether the New River Regional Jail Authority is an entity subject to suit under § 1983 is debatable. See Kitchen v. Upshaw, 286 F.3d 179, 183–85 (4th Cir. 2002) (finding a regional jail authority not an arm of the state for Eleventh Amendment purposes); Roach v. Burke, 825 F. Supp. 116, 117–18 (N.D.W. Va. 1993) (finding a regional jail authority the alter ego of the state only after applying a four-factor test looking at level of control by the state).